1  MARK F. HAZELWOOD, SBN 136521
   DIRK D. LARSEN, SBN 246028
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California 94111
   Telephone:    (415) 981-6630
4  Facsimile:    (415) 982-1634
   Email: mhazelwood@lowball.com
5
   Attorneys for Defendant
6  GREENE TRANSPORT COMPANY

7

8                 UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  CHIQUITA FRESH NORTH AMERICA,          Case No. CV 11-6683 DMR
    LLC,
12                                          AMENDED STIPULATED PROTECTIVE
               Plaintiff,                   ORDER REGARDING DEFENDANT
13                                          GREENE TRANSPORT COMPANY'S
         vs.                                DISCLOSURE OF CERTAIN INSURANCE
14                                          INFORMATION FOR SETTLEMENT
    GREENE TRANSPORT COMPANY; JOHN          PURPOSES ONLY
15  GREENE LOGISTICS COMPANY; and
    DOES 1 through 10, inclusive,
16
               Defendants.
17

18        This Stipulated Protective Order is hereby entered into by defendant GREENE TRANSPORT

19  COMPANY ("GTC") and plaintiff CHIQUITA FRESH NORTH AMERICA L.L.C. ("Chiquita") and

20  specifically applies to the disclosure, production and use of the following Reservation of Rights letters addressed

21  to GTC and/or its counsel, Taylor & Associates, pertaining to the present action and to the wrongful death

22  actions filed against GTC in Florida by plaintiffs Cassandra J. Greene and Steven J. Holtzapple, deceased, which

23  GTC now designates as CONFIDENTIAL SETTLEMENT material: (1) February 3, 2011 letter consisting of

24  three pages, signed by Tammy B. Lambas of Northland Insurance Company; (2) January 5, 2012 letter consisting

25  of six pages, signed by Scott W. McMickle of McMickle, Kurey & Branch; (3) January 26, 2012 letter consisting

26  of seven pages, signed by Scott W. McMickle of McMickle, Kurey & Branch; (4) February 3, 2012 letter

27  consisting of two pages, signed by Scott W. McMickle of McMickle, Kurey & Branch; (5) March 15, 2012 letter

28  consisting of seven pages, signed by Scott W. McMickle of McMickle, Kurey & Branch. GTC will produce the

-1-

aforementioned Reservation of Rights letters to Chiquita within seven (7) days of the date this Protective Order is signed.

**1.**    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, privileged, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than attempting to settle this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from further disclosure and use extends only to the limited information or items that are entitled to privileged treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.**    **DEFINITIONS**

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL SETTLEMENT" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and California Evidence Code §§ 1152 and 1154.

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL SETTLEMENT."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

///

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record, personal counsel, or any other outside counsel in California, Florida or elsewhere.

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action only on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party in this action only.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL SETTLEMENT."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the

1  public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the

2  disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information

3  lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at

4  trial shall be governed by a separate agreement or order.

5  **4.**   **DURATION**

6     Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall

7  remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final

8  disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or

9  without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings,

10  remands, trials, or reviews of this action, including the time limits for filing any motions or applications for

11  extension of time pursuant to applicable law.

12  **5.**   **DESIGNATING PROTECTED MATERIAL**

13     5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party

14  that designates information or items for protection under this Order must take care to limit any such designation

15  to specific material that qualifies under the appropriate standards. The Designating Party must designate for

16  protection only those parts of material, documents, items, or oral or written communications that qualify – so that

17  other portions of the material, documents, items, or communications for which protection is not warranted are not

18  swept unjustifiably within the ambit of this Order.

19     Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly

20  unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case

21  development process or to impose unnecessary expenses and burdens on other parties) expose the Designating

22  Party to sanctions.

23     If it comes to a Designating Party's attention that information or items that it designated for protection do

24  not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the

25  mistaken designation.

26     5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g.,

27  second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

28  Material that qualifies for protection under this Order must be clearly so designated before the

-4-

1   material is disclosed or produced.

2       Designation in conformity with this Order requires:

3       (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts

4   of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL

5   SETTLEMENT" to each page that contains protected material. If only a portion or portions of the material on a

6   page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

7   making appropriate markings in the margins).

8       A Party or Non-Party that makes original documents or materials available for inspection need not

9   designate them for protection until after the inspecting Party has indicated which material it would like copied

10  and produced. During the inspection and before the designation, all of the material made available for inspection

11  shall be deemed "CONFIDENTIAL SETTLEMENT." After the inspecting Party has identified the documents it

12  wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify

13  for protection under this Order. Then, before producing the specified documents, the Producing Party must affix

14  the "CONFIDENTIAL SETTLEMENT" legend to each page that contains Protected Material. If only a portion

15  or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the

16  protected portion(s) (e.g., by making appropriate markings in the margins).

17      (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party

18  identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

19      (c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that

20  the Producing Party affix in a prominent place on the exterior of the container or containers in which the

21  information or item is stored the legend "CONFIDENTIAL SETTLEMENT." If only a portion or portions of the

22  information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

23  portion(s).

24      5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate

25  qualified information or items does not, standing alone, waive the Designating Party's right to secure protection

26  under this Order for such material. Upon timely correction of a designation, the Receiving Party must make

27  reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

28  ///

-5-

**6.**     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, they will proceed under paragraph 10 of the Standing Order for Magistrate Judge Donna M. Ryu as follows: The Parties shall not file formal motions. Instead, as required by the federal and local rules, the Parties shall first meet and confer to try to resolve their disagreements. The meet and confer session must be ***in person or by telephone***, and may not be conducted by letter, e-mail, or fax. If disagreements remain, the Parties shall file a joint letter no later than five business days after the meet and confer session, unless otherwise directed by the court. **Lead trial counsel for both parties must sign the letter**, which shall include an attestation that the parties met and conferred in person or by telephone regarding all issues prior to filing the letter. Going issue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority; and provide each party's final proposed compromise before moving to the next issue. The joint letter shall not exceed

-6-

1  ten pages without leave of court. **The Parties will plan for and cooperate in preparing the joint letter so that**

2  **each side has adequate time to address the arguments.** In the rare instance that a joint letter is not possible,

3  each side may submit a letter not to exceed four pages, which shall include an explanation of why a joint letter

4  was not possible. The court will review the submission(s) and determine whether formal briefing or proceedings

5  are necessary.

6        The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous

7  challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens

8  on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the

9  confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall

10  continue to afford the material in question the level of protection to which it is entitled under the Producing

11  Party's designation until the court rules on the challenge.

12  **7.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

13        7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by

14  another Party or by a Non-Party in connection with this case only for attempting to settle this litigation. Such

15  Protected Material may be disclosed only to the categories of persons and under the conditions described in this

16  Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13

17  below (FINAL DISPOSITION).

18        Protected Material must be stored and maintained by a Receiving Party at a location and in a secure

19  manner that ensures that access is limited to the persons authorized under this Order.

20        7.2     <u>Disclosure of "CONFIDENTIAL SETTLEMENT" Information or Items</u>. Unless otherwise

21  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

22  information or item designated "CONFIDENTIAL SETTLEMENT" only to:

23        (a)  the Receiving Party's Counsel of Record in this action, as well as employees of said Outside Counsel

24  of Record to whom it is reasonably necessary to disclose the information for this litigation only and who have

25  signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

26        (b)  Only Ms. Linda Ipong and Ms. Kendra Clark of Chiquita, including their respective successors in the

27  event any of these named individuals is no longer employed by Chiquita, to whom disclosure is reasonably

28  necessary for this litigation only and who have signed the "Acknowledgment and Agreement to Be Bound"

1    (Exhibit A);

2        (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary

3    for the attempted settlement of litigation only and who have signed the "Acknowledgment and Agreement to Be

4    Bound" (Exhibit A);

5        (d)  the court and its personnel, only for purposes of in camera review in consideration of a motion

6    pursuant to paragraph 6.3;

7        (e)  the author or recipient of a document containing the information or a custodian or other person who

8    otherwise possessed or knew the information.

9        7.3    Prohibited Disclosure:   The Receiving Party may not disclose any information or item

10   designated "CONFIDENTIAL SETTLEMENT" to their House Counsel or Outside Counsel of Record in Florida

11   or in any other state for reference or for use in any other legal action.  Nor shall receiving party disclosure any

12   information or item designated as "CONFIDENTIAL SETTLEMENT" to any employees, officers, and directors

13   of Chiquita not specifically identified above in 7.2(b).   Any such disclosure will be deemed a violation of this

14   Order.

15   **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER**
     **LITIGATION**
16
         If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of
17
     any information or items designated in this action as "CONFIDENTIAL SETTLEMENT," that Party must:
18
         (a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the
19
     subpoena or court order;
20
         (b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation
21
     that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such
22
     notification shall include a copy of this Stipulated Protective Order; and
23
         (c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party
24
     whose Protected Material may be affected.
25
         If the Designating Party timely seeks a protective order, the Party served with the subpoena or court
26
     order shall not produce any information designated in this action as "CONFIDENTIAL SETTLEMENT" before
27
     a determination by the court from which the subpoena or order issued, unless the Party has obtained the
28

Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL SETTLEMENT." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

///

///

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

**10.** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.** **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.** **MISCELLANEOUS**

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and

1  General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue

2  is privileged, protectable as a trade secret, or otherwise entitled to protection under the law . If a Receiving

3  Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is

4  denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil

5  Local Rule 79-5(e) unless otherwise instructed by the court.

6  **13.**    **FINAL DISPOSITION**

7       Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party

8  must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision,

9  "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format

10  reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed,

11  the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or

12  entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the

13  Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any

14  copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

15  Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion

16  papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

AMENDED STIPULATED PROTECTIVE ORDER REGARDING DEFENDANT GTC'S DISCLOSURE
OF CERTAIN INSURANCE INFORMATION FOR SETTLEMENT PURPOSES ONLY

J:\1159\sf0258\D\Privilege Log Documents\ROR Letters\Stip-prot-ror(am).docx          Case No: CV 11-6683 DMR

expert reports, attorney work product, and consultant and expert work product, even if such materials contain

Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this

Protective Order as set forth in Section 4 (DURATION).

    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: March 5, 2013                     s/ Robert M. Bodzin
                                         Attorneys for Plaintiff Chiquita Fresh North America, LLC


DATED: March 5, 2013                     s/ Dirk D. Larsen
                                         Attorneys for Defendant Greene Transport Company



PURSUANT TO STIPULATION, IT IS SO ORDERED.



DATED: _March 11, 2013_____        _____
                                         Honorable Donna M. Ryu
                                         United States District/Magistrate Judge

AMENDED STIPULATED PROTECTIVE ORDER REGARDING DEFENDANT GTC'S DISCLOSURE
OF CERTAIN INSURANCE INFORMATION FOR SETTLEMENT PURPOSES ONLY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Chiquita Fresh North America LLC v. Greene Transport Company, et al., Case No. C 11-06683 DMR.* I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

AMENDED STIPULATED PROTECTIVE ORDER REGARDING DEFENDANT GTC'S DISCLOSURE
OF CERTAIN INSURANCE INFORMATION FOR SETTLEMENT PURPOSES ONLY